**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| THERON JOHNNY MAXTON, #140384, | ) | C/A No. 0:06-3354-DCN-GCK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bristow Marchant, United States Magistrate | ) | |
| Judge; | ) | |
| Reginald Lloyd, United States Attorney for | ) | |
| the District of South Carolina; and | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The above referenced case is before this court upon the magistrate judge's recommenda-
tion that the case be dismissed without prejudice and without issuance and service of process.
It was also recommended that this case be deemed a "strike" for purposes of the "three strikes"
rule of 28 U.S.C. § 1915(g).

This Court is charged with conducting a de novo review of any portion of the magistrate
judge's report to which a specific  objection is registered, and may accept, reject, or modify, in
whole or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1).
However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend
for the district court to review the factual and legal conclusions of the magistrate judge.  Thomas
v Arn, 474 U.S. 140 (1985).  Additionally, any party who fails to file timely, written objections
to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those
objections at the appellate court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

<u>cert.</u> <u>denied</u>, 467 U.S. 1208 (1984 ).[1]    **Objections to the magistrate judge's report and recommendation were filed on December 8, 2006.**

A <u>de</u> <u>novo</u> review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **affirmed** and this case is **dismissed** without prejudice and without issuance and service of process.  Additionally, this case is considered a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

_____
David C. Norton
United States District Judge

Charleston, South Carolina
December 15, 2006

***NOTICE OF RIGHT TO APPEAL***
The parties are hereby notified that any  right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[1]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro</u> <u>se</u> litigant must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  <u>Id.</u> at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.